IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK HOUSER, *et al.*      *

    Plaintiffs,      *

    v.      *

                                          Civil Action No. RDB-13-1179

AMMCO TOOLS, a/k/a Hennessy      *
Industries, Inc., *et al.*
     *

    Defendants.
     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiffs Frank and Ruth Houser ("Plaintiffs")[1] initially brought this action against Defendant CBS Corporation f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"), as well as numerous other entities (collectively "Defendants"),[2] in the Circuit Court for Baltimore City. Plaintiffs allege claims of Strict Liability (Count I), Breach of Warranty (Count II), Negligence (Count III), Aiding and Abetting and Conspiracy (Count IV) and Loss of Consortium (Count V) related to Frank Houser's exposure to asbestos dust and fibers from the Defendants' asbestos products. In their original Complaint (ECF No. 2), served to Westinghouse on or around September 7, 2012,

---

[1] On April 2, 2013, the Circuit Court for Baltimore City consolidated the cases of Frank Houser (Case No. 24X12000850), David Neal (Case No. 24X12000759), Duane Nichols (Case No. 24X12000781), Rodney Riggin (Case No. 24X12000715), Marvin Tawney (Case No. 24X12001063) and Yvette Ward (Case No. 24X12000906) into one action which was removed to this Court. *See* Order, ECF No. 46.

[2] The other defendants in this case are Ammco Tools, a/k/a Hennessy Industries Inc.; Caterpillar Inc.; Certaineed Corporation; Cummins Inc., f/k/a Cummins Engine Co.; Elliot Company, successor in interest to Elliott Turbomachinery Co. Inc.; Honeywell International, Inc., f/k/a AlliedSignal Inc.; Metropolitan Life Insurance Company; Palmer International Inc.; Rapid American Corporation; SB Decking Inc.; Union Carbide Corporation; Welco Manufacturing Company; Yarway Corporation; Crown Cork & Seal Company, Inc.; AC&R Insulation Co. Inc.; MCIC Inc., f/k/a the McCormick Asbestos Company; The Wallace & Gale Company; Higbee, Inc.; Hampshire Industries, Inc.; McCormick Insulation Supply, Inc.; Hennessy Industries, Inc.; and CNH America, LLC. This Court notes that Defendants Elliot Company, successor in interest to Elliott Turbomachinery Co. Inc., and Welco Manufacturing Company were terminated by stipulation of the Plaintiffs on April 25, 2013.

Plaintiffs merely state that Mr. Houser worked at a U.S. Armed Forces site. The first time Plaintiffs provided any information about the specific U.S. Navy ships on which Mr. Houser was allegedly exposed to asbestos was in their verified Answers to Westinghouse's Interrogatories.

Westinghouse removed the action to this Court pursuant to 28 U.S.C. §§ 1442 and 1446 on April 22, 2013. Pending before this Court is Plaintiffs Frank and Ruth Houser's Motion for Remand (ECF No. 71). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons below, Plaintiffs Frank and Ruth Houser's Motion for Remand (ECF No. 71) to the Circuit Court for Baltimore City is DENIED.

## BACKGROUND

Plaintiffs Frank and Ruth Houser ("Plaintiffs")[3] initially brought this action against Defendant CBS Corporation f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"), as well as numerous other entities (collectively "Defendants"),[4] in the Circuit Court for Baltimore City. Frank Houser and his wife Ruth Houser allege that Frank Houser developed lung cancer as a direct and proximate result of his exposure to asbestos products manufactured, supplied or installed by the Defendants between 1960 and 2011. Complaint 4-9, ECF No. 2. Plaintiffs allege that during that time, Mr. Houser worked as a "student, welder, mechanic, crewman, and laborer . . . at industrial and commercial sites, including but not limited to the U.S. Armed Forces, the U.S. Government, Pete Griffin Construction . . . [and] Gordon Regan Inc." *Id.* at 3. Plaintiffs' Complaint alleges claims of Strict Liability (Count I), Breach of Warranty (Count II), Negligence (Count III), Aiding and Abetting and Conspiracy (Count IV) and Loss of Consortium (Count V).

---

[3] A list of the Plaintiffs of the six consolidated cases is included in *supra* note 1.
[4] A list of the Defendants in this case is included in *supra* note 2.

After Plaintiffs filed their original Complaint (ECF No. 2) on August 20, 2012, they filed four subsequent Amended Complaints (ECF Nos. 3-5, 32). On April 22, 2013, after allegedly learning that federal officer removal under 28 U.S.C. § 1442(a) was available, Westinghouse filed a Notice of Removal (ECF No. 1).[5] Pending before this Court is Plaintiffs Frank and Ruth Houser's Motion to Remand (ECF No. 71) on the basis of untimely removal.

STANDARD OF REVIEW

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), authorizes removal of "a civil action or criminal prosecution that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under the officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). When considering motions to remand, courts are to interpret the federal officer removal statute broadly. *See Arizona v. Manypenny,* 451 U.S. 232, 242 (1981) (citing *Willingham v. Morgan,* 395 U.S. 402, 407 (1969)). The Supreme Court has held that "the right of removal is absolute for conduct performed under color of federal office, and . . . that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" *Id.* Accordingly, when a case has been removed pursuant to Section 1442, "the district court may remand it back to state court *only* if it thereafter discovers a defect in removal procedure or a lack of subject matter

---

[5] Westinghouse was the only defendant who filed for removal. Although removal under 28 U.S.C. § 1441 usually requires all of the defendants' consent, removal under Section 1442 does not. Several United States appellate courts have held that a federal officer or agency defendant can unilaterally remove a case under 28 U.S.C. § 1442. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998). While it appears that this Court has never directly held that such defendants may unilaterally remove a case under Section 1442, this Court has impliedly followed this rule. *See Bing v. Alltite Gaskets*, GLR-12-458, 2012 WL 4764774 (D. Md. Oct. 5, 2012); *Covington v. Owens Illinois Glass Co.*, GLR-12-461, 2012 WL 4764883 (D. Md. Oct. 5, 2012); *Hurley v. Alltite Gaskets*, GLR-12-462, 2012 WL 4764901 (D. Md. Oct. 5, 2012); and *Dilks v. 4520 Corp., Inc.*, WDQ-12-2758, 2012 WL 6625867 (D. Md. Dec. 18, 2012).

jurisdiction in the federal court." *Jamison v. Wiley*, 14 F.3d 222, 238-39 (4th Cir. 1994) (citing 28 U.S.C. 1447(d)).

## ANALYSIS

In this case, Plaintiffs Frank and Ruth Houser ("Plaintiffs") seek a remand, arguing that Defendant CBS Corporation f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation's ("Westinghouse") removal of this action was untimely. Westinghouse contends that removal was timely since it filed for removal within thirty days of receiving notice that federal officer removal was available. Westinghouse argues that the reference to Mr. Houser's employment on a U.S. Armed Forces site in the original Complaint did not provide sufficient notice of the capacity in which Mr. Houser was allegedly exposed to asbestos. Westinghouse then explains that Plaintiffs' verified Answers to Westinghouse's Interrogatories did provide it with such notice because these answers identified the specific U.S. Navy ships on which Mr. Houser was allegedly exposed to asbestos.

To remove a case, a defendant must file a notice of removal within thirty days[6] of receiving the "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If the initial pleading does not reveal an adequate ground for removal, the defendant may remove within thirty days of receiving "an amended pleading, motion, order or other paper" that does meet this requirement.[7] Removability may only be ascertained when the adequate grounds of removal are "apparent within the four corners of the [documents exchanged in the case]." *Lovern v. Gen. Motors. Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). As it must "rely on the face of the . . . documents exchanged in the case," the

---

[6] When the summons and complaint are served together, the 30-day removal period runs at once. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).
[7] *Id.* "The phrase 'other paper' refers to "documents generated within the state court litigation." *Pack v. AC and S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993) (quoting *Zbranek v. Hofheinz*, 727 F. Supp. 324, 326 (E.D. Tex. 1989)).

Court need not "inquire into the subjective knowledge of the defendant." *Id.* A case is not removable if the details regarding the removal grounds are "obscured or omitted, or indeed misstated." *Id.* Section 1446 does not preclude defendants from removing a case if "their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated." *Id.*

Westinghouse removed this case pursuant to 28 U.S.C. § 1442(a)(1). This statute authorizes removal of "civil action[s] . . . commenced in a State court . . . against . . . [t]he United States or any agency thereof or any officer (or any person acting under the officer) of the United States or of any agency thereof . . . relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Accordingly, a defendant seeking removal under this statute must file for removal within thirty days of receiving notice that federal officer removal is available. Westinghouse contends that it removed this case within thirty days of learning that it may have been acting as a federal officer when Mr. Houser was allegedly exposed to asbestos. Westinghouse explains that it learned this information when Plaintiffs' revealed the identity of the specific U.S. Navy ships upon which Mr. Houser was allegedly exposed to asbestos in their verified Answers to Westinghouse's Interrogatories.

To determine when a party is considered to have received notice of federal officer removal availability, this Court turns to four of its recent decisions: *Bing v. Alltite Gaskets*, GLR-12-458, 2012 WL 4764774 (D. Md. Oct. 5, 2012); *Covington v. Owens Illinois Glass Co.*, GLR-12-461, 2012 WL 4764883 (D. Md. Oct. 5, 2012); *Hurley v. Alltite Gaskets*, GLR-12-462, 2012 WL 4764901 (D. Md. Oct. 5, 2012); and *Dilks v. 4520 Corp., Inc.*, WDQ-12-2758, 2012 WL 6625867 (D. Md. Dec. 18, 2012). *Bing*, *Covington* and *Hurley* all involved allegations of injuries arising out of exposure to the defendants' asbestos products. *See Bing*, 2012 WL

4764774; *Covington*, 2012 WL 4764883; *Hurley*, 2012 WL 4764901. This Court held that the plaintiffs' complaints lacked any information that would signal to the defendants the connection between the plaintiffs' injuries and the defendants' actions under the direction of a federal official. *See Bing*, 2012 WL 4764774 at *5; *Covington*, 2012 WL 4764883 at *5; *Hurley*, 2012 WL 4764901 at *5.

In each of these cases, the defendants had placed the asbestos products to which the plaintiffs were allegedly exposed aboard U.S. Navy ships under the direction of a federal official. As a result, this Court held that the identification of these U.S. Navy ships in the plaintiffs' responses to defendants' interrogatories revealed the nexus between the plaintiffs' claims and the actions allegedly taken by the defendants under a federal officer's direction *Id.* Accordingly, this Court held that the first time the defendants could ascertain federal officer removability was when they received the plaintiffs' answers to the defendants' interrogatories. *See id.* In these cases, this Court found removal timely because the defendants filed their removal notices within thirty days of receiving the plaintiffs' answers to defendants' interrogatories. *See id.* at *6.

In *Dilks v. 4520 Corp., Inc.*, as in *Bing*, *Covington* and *Hurley*, the plaintiff included in his answers to the defendant's interrogatories the identification of the exact U.S. Navy ships which he was aboard when allegedly exposed to the defendant's asbestos products. *Dilks*, 2012 WL 6625867, at *4. Unlike in *Bing*, *Covington* and *Hurley*, however, one of the defendants in *Dilks* filed a removal notice more than thirty days after receiving these interrogatory responses. *See id.* As such, this Court found that removal was untimely. *See id.*

Accordingly, the thirty-day clock of federal officer removability begins ticking when the initial pleading or other appropriate paper reveals the nexus between the plaintiff's claims and the actions allegedly taken by the defendant under the direction of a federal officer. *See Dilks*,

6

2012 WL 6625867, at *4; *Bing*, 2012 WL 4764774 at *5; *Covington*, 2012 WL 4764883 at *5; *Hurley*, 2012 WL 4764901 at *5. Notably, in all of these cases, the identity of the exact U.S. Navy ships on which the plaintiff was allegedly exposed to the defendant's asbestos products gave the defendants adequate notice to trigger the thirty-day removal limitation.

In this case, Plaintiffs filed their original Complaint on or around August 20, 2012. In the original Complaint and subsequent four Amended Complaints, Plaintiffs allege that, "[d]uring portions of his working life as a student, welder, mechanic, crewman, and laborer Mr. Houser worked at industrial and commercial sites, including but not limited to the U.S. Armed Forces[.]" Pls.' Compl. & Am. Compl. 3, ECF Nos. 2-5. Plaintiffs contend that this language put Westinghouse on notice of federal officer removal availability by revealing the connection between the military supply of asbestos products and Mr. Houser's injuries. Contrary to the Plaintiffs' claim, however, revealing the connection between the military supply of asbestos products and Mr. Houser's injuries did not put Westinghouse on notice of the availability of federal officer removal. Mentioning this connection did not alert Westinghouse that it may have been acting under the orders of a federal official when Mr. Houser was allegedly exposed to Westinghouse's asbestos products.

As in the four above-mentioned cases, Westinghouse was eventually put on notice of federal officer removal availability. In their answers to Westinghouse's interrogatories, Plaintiffs revealed the identity of the U.S. Navy ships on which Mr. Houser was allegedly exposed to Westinghouse's asbestos products. Pls.' Ans. to Defs.' Master Interrs. 4, 30, Ex. A, ECF No. 77. Specifically, Mr. Houser alleged exposure to asbestos associated with equipment aboard the *USS Geiger* and *USS Forrestal*, and thus put Westinghouse on notice that Mr. Houser was allegedly injured while Westinghouse was under the direction of a federal official.

7

Westinghouse received Plaintiffs' verified Answers to Westinghouse's Master Interrogatories on or about March 22, 2013. Westinghouse filed its Notice of Removal on April 22, 2013. Since April 22, 2013 is within thirty days of March 22, 2013, removal was timely. Accordingly, Plaintiffs Frank and Ruth Houser's Motion to Remand is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiffs Frank and Ruth Houser's Motion for Remand (ECF No. 71) is DENIED.

A separate Order follows.

Dated: July 2, 2013

                                                    /s/

                                          Richard D. Bennett
                                          United States District Judge